IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-8-BO-BM

JOHN MICHAEL SCARDINA,           )
                                 )
                    Plaintiff,   )
                                 )
v.                               )           **ORDER**
                                 )
ELAINE FOLK MARSHALL and         )
JENNIFER GRIFFIN,                )
                    Defendants.  )

This matter comes before the Court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Brian S. Meyers [DE 50]. Plaintiff has timely filed an objection [DE 54], to which defendant Jennifer Griffin filed a response in opposition [DE 56]. The matter is ripe for disposition. For the reasons that follow, the M&R is adopted in full.

The M&R recommends that (i) Ms. Griffin's motion to dismiss [DE 24] be GRANTED; (ii) the motion to dismiss [DE 27] of defendant Elaine Folk Marshall be GRANTED; (iii) plaintiff's complaint [DE 1] be DISMISSED; (iv) Ms. Griffin's amended motion to dismiss [DE 30] be DENIED AS MOOT; and (v) plaintiff's petition for a temporary injunction [DE 7] be DENIED AS MOOT.

BACKGROUND

On January 6, 2025, plaintiff filed a complaint, which he styles as a "Verified Action for Trespass and Petition for Quiet Title and Request for Injunctive Relief and Compensatory\Punitive Damages." [DE 1] at 1. Plaintiff claims that his property is outside the jurisdiction of the government of the current State of North Carolina, and that he therefore does not owe property taxes. [DE 1-4] at 4. On March 6, 2025, Ms. Griffin filed a motion to dismiss [DE 24], and on

March 7, 2025, Ms. Marshall filed a motion to dismiss [DE 27]. On August 15, 2025, Magistrate Judge Meyers entered a memorandum and recommendation [DE 50], recommending the granting of Ms. Griffin's and Ms. Marshall's respective motions to dismiss based on a lack of diversity jurisdiction, plaintiff's failure to state a claim, and defendants' immunity in their official capacities. [DE 50] at 9-22.

Plaintiff's objections to the granting of Ms. Griffin's and Ms. Marshall's respective motions to dismiss on alleged mischaracterizations by Magistrate Judge Meyers' and defendants of his status before the court and facets of the legal arguments he espoused in his complaint. [DE 54] at 4-5. Specifically, plaintiff contests Magistrate Judge Meyers' refusal to acknowledge that plaintiff "is an American, a Louisianian, and\or a 'free, sovereign, and independent People of these United States'"; characterizations of plaintiff as "labeled\called\associated with so-called 'Sovereign Citizens'"; citations to "dissimilar . . . cases" including *Myles v. Thompson*, No. 24-1710-BAH, 2024 U.S. Dist. LEXIS 233118, at *9-10 (D. Md. Dec. 27, 2024); and an absence of facts and evidence to rebut plaintiff's stated status and standing before the court; references to "JOHN MICHAEL SCARDINA" as plaintiff's name, suggestions that plaintiff was claiming constitutional as opposed to "unalienable rights given to him by his creator, Almighty God"; characterization of arguments as "buried in superfluous filings"; and a failure to rebut that the State of North Carolina is a registered commercial corporation. [DE 54] at 4, 6, 14, 17, 19.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P.

2

72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing *pro se* objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460-61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). The court also need not perform a *de novo* review when a party asserts only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

None of plaintiff's objections defeat the recommendation's findings that there is a lack of diversity jurisdiction in this case, that defendants have immunity in their official capacities and that plaintiff has failed to cite an applicable exemption from his statutory obligation to pay property taxes.

Plaintiff's objections, like his original claims, find no basis in applicable law. Plaintiff renews frivolous legal theories from his complaint concerning the parties' legal statuses and his ability to disregard certain state and federal laws, which he perceives as illegitimate. For example, plaintiff claims that because defendants are "statutory residents of North Carolina, . . . they domicile in Washington, DC." [DE 54] at 16. Similarly, plaintiff contends that *Myles v. Thompson*, No. 24-1710-BAH, 2024 U.S. Dist. LEXIS 233118, at *9-10 (D. Md. Dec. 27, 2024) is inapposite because both parties were "residents" of Maryland in that case, while plaintiff "is NOT a statutory resident nor is he a statutory person, nor does he maintain a domicile on federal territory, and there

3

is no evidence before the Court to even suggest that he is." [DE 54] at 9. Plaintiff notes that he is "an American from a State of the Union, domiciled permanently on the land and soil of the Union State known as North Carolina." [DE 54] at 5. Plaintiff is incorrect. Based on plaintiff's representations, both plaintiff and defendants live in North Carolina and there are no allegations suggesting their intention to depart; thus they are all domiciled in North Carolina. [DE 1] at 1-2; *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). Similarly, plaintiff claims that the Court . . . operates under American Common Law" and that "[s]tatutes, codes, regulations and etc., have no standing before this Court of Record." [DE 54] at 13. Plaintiff's appeal to federal court to escape his legal obligations under state law must fail. *See Barksdale v. Youngkin*, No. 7:25-cv-84, 2025 U.S. Dist. LEXIS 75397, at *1-2 (W.D. Va. Apr. 18, 2025) (rejecting an argument that Virginia statutes only apply to parties if they consent), *appeal dismissed* No. 25-6405, 2025 U.S. App. LEXIS 17626 (4th Cir. July 16, 2025).

In short, plaintiff has not cited any meritorious legal objection in his response in opposition to Magistrate Judge Meyers' memorandum and recommendation generally and continues to argue frivolous claims. Plaintiff's objections are overruled. The Court has considered the M&R, agrees with its reasoning, and adopts the M&R in full as its own.

CONCLUSION

For the forgoing reasons, the memorandum and recommendation of Magistrate Judge Meyers [DE 50] is ADOPTED IN FULL and plaintiff's objections thereto are OVERRULED. Defendant Griffin's motion to dismiss [DE 24] is GRANTED; defendant Marshall's motion to dismiss [DE 27] is GRANTED; and plaintiff's complaint [DE 1] is DISMISSED WITH PREJUDICE. Defendant Griffin's amended motion to dismiss [DE 30] is DENIED AS MOOT and plaintiff's petition for a temporary injunction [DE 7] is DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this **30** day of September, 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE